
FILED
AUG - 7 2019
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEITH R. MELANSON,

    Plaintiff,

v.                              CIVIL ACTION NO. 2:18-cv-488

ANDREW SAUL,
Commissioner,
Social Security Administration,

    Defendant.

## *MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Keith R. Melanson's ("Plaintiff") objections to the Magistrate Judge's Report and Recommendation ("R&R"). For the reasons set forth below, the R&R is **ACCEPTED** and **ADOPTED**. Plaintiff's Motion for Summary Judgment is **DENIED**, and Commissioner Andrew Saul's ("Commissioner") Motion for Summary Judgment is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

The Magistrate Judge's R&R thoroughly details the factual and procedural history of the case. *See* ECF No. 14 at 1–7. Since 1998, Plaintiff has been treated for connective tissue disorder ("CTD") and fibromyalgia. *Id.* at 2, 5. Plaintiff would often visit rheumatologist Dr. Albert Lee ("Dr. Lee") to receive treatment. *Id.* In 2014, Plaintiff allegedly stopped working due to his condition. *Id.* Since then, Dr. Lee has treated Plaintiff for his conditions at least thirteen times and has evaluated him at least three times. *Id.* at 2–5. At all thirteen treatments, Plaintiff's lab results were normal and reported that he had no acute synovitis (swelling of connective tissue) and that he had good range of motion in his joints. *See id.* At these treatments, Dr. Lee would normally provide Plaintiff with steroid injections and renew

1

FILED

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

RECEIVED

2019 AUG -7 A 11:09

CLERK US DISTRICT COURT
NORFOLK, VIRGINIA

prescriptions. *See id.* During at least five of these treatments, Dr. Lee noted that Plaintiff had a flare-up of fibromyalgia and had the related tender points. *Id.* at 3–4. As for the evaluations, Dr. Lee completed these to help Plaintiff obtain government benefits; twice to obtain food stamps and once for the administrative proceeding at issue here. *Id.* at 5–6.

On May 13, 2015, Plaintiff filed an application for disability insurance benefits, alleging an onset date of June 15, 2014. *Id.* at 1. On September 24, 2015, the Commissioner denied Plaintiff's application. ECF No. 7 at 94. Plaintiff then requested reconsideration on October 21, 2015, *id.* at 99, which was denied on December 6, 2015. *Id.* at 100. On January 13, 2016, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 106. The ALJ held a hearing on September 28, 2017. *See id.* at 27–71. On November 17, 2017, the ALJ denied Plaintiff's claim. *Id.* at 9. On January 18, 2018, Plaintiff requested the Appeals Council review the ALJ's decision. *Id.* at 155. On July 17, 2018, the Appeals Council declined to review the ALJ's decision, making that the final decision of the Commissioner. *See id.* at 1.

On September 13, 2018, Plaintiff filed the instant action for judicial review. ECF No. 1. On November 16, 2018, the Commissioner filed an answer. ECF No. 6. On December 20, 2018, Plaintiff filed a motion for summary judgment. ECF No. 10. On January 18, 2019, the Commissioner filed a cross-motion for summary judgment. ECF Nos. 11–12. On February 8, 2019, Plaintiff replied. ECF NO. 13. On June 14, 2019, the Magistrate Judge issued his R&R. ECF No. 14. On June 28, 2019, Plaintiff filed his objections to the R&R. ECF No. 15. The Commissioner filed a response on July 11, 2019. ECF No. 16.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected

to." The *de novo* requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the Magistrate Judge's report and recommendation. *See Wilmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985); *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A district court must review the relevant findings by the Magistrate Judge *de novo* when a party objects to the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1). Objections made to the report must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Objections must also respond to specific errors in the report and recommendation because general or conclusory objections are not proper. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections are the equivalent of a waiver. *Id.* Moreover, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (citing *Abou-Hussein v. Mabus*, No. 2:09-1998, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010)).

### III. DISCUSSION

#### A. Objection to Reduced Consideration of Dr. Lee's Opinion

Plaintiff objects to the Magistrate Judge's finding that the ALJ's rejection of Dr. Lee's opinion was based on substantial evidence. ECF No. 15 at 3–4. In preparation for the September 28, 2017 hearing before the ALJ, Dr. Lee filled a form prepared by Plaintiff's counsel. ECF No. 7 at 529–43; *see id.* at 31–32. The document is not an affidavit or declaration, but rather a prepared form filled with excerpts from Dr. Lee's notes on Plaintiff and snippets of statements drawn from various websites and medical journals. *See id.* at 529–43. Dr. Lee

3

simply checked boxes to indicate his assent to the statement and then signed and dated the document. *See id.* Notably, the last two pages of Dr. Lee's opinion recite verbatim the requirements of Listing 14.06 and Dr. Lee has checked yes on every single affirmative response. *Id.* at 542–43.

Normally, the treating physician's opinion is given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, if the treating doctor's opinion is contradicted by other medical opinions in the case and by the patient's own medical records, the ALJ must determine how much weight to give such an opinion, even if it is the treating doctor. *See id.* at §§ 404.1527(c)(3)–(6), 416.927(c)(3)–(6). Moreover, opinions that the patient is disabled as defined under the SSA are given no weight, as this determination is reserved to the Commissioner. *Id.* at §§ 404.1527(d), 416.927(d).

The ALJ, as the original trier of fact, is the one who determines the sufficiency of such evidence, and the Court should leave such a determination untouched outside sufficient reasons. *See Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)) ("The ALJ's failure to 'build an accurate and logical bridge from the evidence to his conclusion' constitutes reversible error."). "Federal courts do not undertake to 're-weigh conflicting evidence, make credibility determinations, or substitute [their] judgment' for that of the agency." *Prof. Massage Training Ctr., Inc. v. Accreditation Alliance of Career Schools and Colleges*, 781 F.3d 161, 174 (4th Cir. 2015) (alteration in original) (quoting *Craig v. Charter*, 76 F.3d 585, 589 (4th Cir. 1996)).

The Court agrees with the Magistrate Judge that the ALJ's finding that Dr. Lee's opinion was of little value is supported by substantial evidence. Dr. Lee's opinion not only contradicts the opinions of two other medical professionals, but also contradicts his own notes. *See* ECF No. 14 at 18–19. Moreover, the check-mark based document is highly circumspect and appears to be gauged towards a specific legal conclusion rather than the objective informed analysis of a treating physician. *Id.* at 19. The Court believes that the ALJ's assessment of Dr. Lee's opinion was supported by substantial evidence.

**B. Objection to the Failure to Meet Listing 14.06B Criteria**

Plaintiff also objects to the Magistrate Judge's finding that the ALJ properly considered the Listing 14.06B criteria in determining that he did not have a disability within the meaning of the Social Security Act ("SSA"). *Id.*

In order to qualify for disability insurance benefits, an individual must have a "disability" as defined in the SSA. *See* 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The regulations stipulate the five steps an ALJ must go through to determine if an individual's condition meets the definition of disability. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ determined that Plaintiff met all of the requirements except for step three: "the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled." *Id.* The regulations include a listing for undifferentiated and mixed connective tissue disease in Listing 14.06, which states:

> A. Involvement of two or more organs/body systems, with:
> 1. One of the organs/body systems involved to at least a moderate level of severity; and
> 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
> or

5

> B. Repeated manifestations of undifferentiated or mixed
> connective tissue disease, with at least two of the constitutional
> symptoms or signs (severe fatigue, fever, malaise, or involuntary
> weight loss) and one of the following at the marked level:
>  1. Limitation of activities of daily living.
>  2. Limitation in maintaining social functioning.
>  3. Limitation in completing tasks in a timely manner due to
>  deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.06. Plaintiff argues that the ALJ's analysis only focused on Listing 14.06A and did not consider Listing 14.06B. ECF No. 15 at 1–2. The Magistrate Judge found that the ALJ's finding that Plaintiff did not meet either requirement was supported by substantial evidence. ECF No. 14 at 13–15.

The Court reaches the same conclusion as the Magistrate Judge. As Plaintiff himself tacitly admits, any such finding would be largely based on giving considerable weight to Dr. Lee's opinion. *See* ECF No. 15 at 2. As the Court has explained above, the ALJ relied on substantial evidence in giving Dr. Lee's opinion less weight than others. Given the literal "check-the-box" nature of Dr. Lee's opinion and how it contradicts Plaintiff's medical history, the ALJ's finding that Plaintiff did not meet the criteria for Listing 14.06B is supported by substantial evidence. Moreover, even if the ALJ did give Dr. Lee's opinion considerable weight, the ALJ is not bound to acquiesce to Dr. Lee's determination of Plaintiff's eligibility under Listing 14.06; that determination is left to the ALJ alone. *See* ECF No. 7 at 542–43.

## C. Objection to Rejection of Plaintiff's Allegations

Plaintiff's final objection claims that the Magistrate Judge erred in concluding that the ALJ's determination of Plaintiff's lack of credibility is not supported by substantial evidence. ECF No. 15 at 4–5. An applicant's self-serving subjective testimony "cannot take precedence over objective medical evidence or the lack thereof." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (quoting *Parris v. Heckler*, 733 F.2d 324, 327 (4th Cir. 1984)). However, such

subjective evidence may be sufficient to support a claim on its own if the ALJ finds that it is supported by medically acceptable clinical and laboratory diagnostic techniques. *Lewis*, 858 F.3d at 869–70. Here, the ALJ had Plaintiff's medical records and the opinions of two other physicians that indicated Plaintiff did not have a disability under the SSA. Plaintiff's subjective testimony was only supported by Dr. Lee's opinion, which the ALJ correctly deemed of little probative value. Therefore, the Court concludes that the ALJ's finding on Plaintiff's lack of credibility was supported by substantial evidence.

Based on a *de novo* review of the filings and the R&R, this Court determines that the Magistrate Judge's recommendations and findings are proper. *Wilmer*, 774 F.2d at 73. The R&R supports all factual findings and the Court finds Plaintiff's objections are without merit. The Court does not find any legal errors in the Magistrate Judge's findings. Accordingly, the Court concludes that Plaintiff raises no grounds which warrant this Court's departure from the recommendations as stated in the Magistrate Judge's R&R.

## IV. CONCLUSION

The Court has independently reviewed the filings in this case and Plaintiff's objections to the R&R. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. The findings and recommendations in the Magistrate Judge's R&R dated May 24, 2019 are hereby **ACCEPTED** and **ADOPTED**. Specifically, the Commissioner's Motion for Summary Judgment is **GRANTED**; Plaintiff's Motion for Summary Judgment is **DENIED**; and the action is **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 7, 2019

/s/
Raymond A. Jackson
United States District Judge

7

/s/
Raymond A. Jackson
United States District Judge